[No. 5388.]

## JOHN OSBORNE *v.* WILLIAM WAINWRIGHT AND WILLIAM E. HASKIN.

REVIVAL OF JUDGMENT.—If the husband and wife own real estate which is community property, and the husband has contracted to sell it to a third person, and the wife sues for a divorce and a division of the realty, and such third person is a party to the action, and a judgment is rendered partitioning the realty between the husband and wife, and also providing that if such third person recovers the land under the contract, or the matter is amicably settled, that the wife shall have two-thirds of the purchase-money or the securities, the judgment cannot be revived on application of the wife, after more than five years have elapsed, unless such third person is made a party to the proceeding for reviving it.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Mary F. Haskin and Henry R. Haskin were husband and wife, and owned real estate as community property. On the 4th of March, 1869, she sued him for a divorce and for a division of the community property. John L. Bussche, by leave

of the Court, intervened on the ground that the defendant had contracted in writing to sell him a fifty-vara lot on the southwest corner of Polk and Tyler Streets for twelve thousand dollars. Bussche had brought an action to compel a specific performance of the contract. On the 31st of March, 1869, a judgment was rendered dissolving the bonds of matrimony, and providing that if the suit which Bussche had brought to compel a specific performance was decided in his favor, or was amicably arranged so that the contract of sale was carried into effect, that two-thirds of the purchase-money of the lot or the securities therefor should be paid to the plaintiff, and one-third to the defendant, but that otherwise the lot should be partitioned between the parties in the same proportions. On the 17th of July, 1876, the plaintiff, who had intermarried with one Pridham, gave notice that she would, on the 24th of the same month, move the Court to revive the judgment, and for leave to proceed upon the same. The motion was made on the judgment roll, and on an affidavit of the plaintiff in which she stated the facts recited in the opinion. The affidavit also stated that the defendant had died on the 4th day of February, 1876, and that William Wainwright and William E. Haskin were executors of his estate. William Douthitt had purchased the lot of Bussche, but the notice to revive was not served on either Bussche or Douthitt. The plaintiff died pending the proceeding, and Osborne became the administrator of her estate. The Court below denied the motion. The plaintiff appealed.

The statute under which the motion was made reads as follows: "In all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the Court, upon motion, or by judgment for that purpose founded upon supplemental pleadings." (Code of Civil Procedure, sec. 685.)

*Columbus Bartlett* and *W. H. L. Barnes*, for the Appellant.

*Eugene B. Drake* and *Eugene N. Duprey*, for the Respondent.

By the COURT:

In the decree in the divorce suit, it was provided in effect that if Bussche, who claimed to have purchased the Tyler Street lot from the husband, should finally recover the lot, or if it should be amicably arranged between the parties, "so that the contract of sale shall be carried into effect," in that event two-thirds of the purchase money, or the securities therefor, should be paid to the wife, "or secured in her name," and the remaining one-third should be paid or secured to the husband. Bussche was a party to the action, and was therefore bound by the judgment. The present proceeding is a motion by the wife for leave to proceed on the judgment, notwithstanding more than five years had elapsed between the entry of the judgment and the commencement of this proceeding. It appears from her affidavit in support of the motion, that the controversy with Bussche was amicably settled, and that she and her husband united in a deed to him or his assignee for the Tyler Street lot in consideration of $12,000, which was the purchase price; of which sum, $4,000 was paid in cash, and two promissory notes, each for the sum of $4,000, were executed and delivered by the purchaser; that the cash was paid and the notes delivered to the husband, and that no part of the money or of the proceeds of the notes was ever received by the wife. It does not appear from the affidavit, or otherwise, whether the money was paid and the notes were delivered to the husband against the consent of the wife. The husband having died long after these transactions, notice of the motion was served upon his executors; and the wife also having died pending this proceeding, it is now prosecuted in the name of her administrator. But neither Bussche or his assignee (to whom the deed was made) is a party to the proceeding.

On these facts, if the money was paid and the notes delivered to the husband with the consent of the wife, the judgment or decree has spent its force, and nothing more remains to be done or could be done under it. Under these circumstances, if the husband has failed to account to the wife for her share of the money, and the proceeds of the notes, she might have had her

action against him for money had and received to her use. On the other hand, if the money was paid and the notes delivered to the husband without her consent, her remedy, if any she has, *under the judgment,* is against Bussche or his assignee, whose duty it was to distribute the money and notes in accordance with the terms of the decree. But neither Bussche or his assignee is a party to this proceeding, and the motion for leave to proceed on the judgment could not be entertained, until they are brought before this Court. But we are not to be understood as intimating an opinion that if they were before the Court the motion should prevail. All we intend to decide is, that until they are made parties the Court below could not properly have considered the motion.

Order affirmed.